### YEP WHY SUN v. ACHESON, Secretary of State.
#### Clv. No. 621.

United States District Court
N. D. Texas, Wichita Falls Division.

Nov. 24, 1952.

John Davenport, Wichita Falls, Tex., for plaintiff.

Frank B. Potter, U. S. Atty., and R. Daniel Settle, Asst. U. S. Atty., both of Fort Worth, Tex., for defendant.

ATWELL, Chief Judge.

Plaintiff alleges that he is temporarily located in Hong Kong, British Crown Colony, but that it is his desire and intention to come to the United States to take up permanent residence with his father, Yep Key Kwong of Wichita Falls, Texas.

That the defendant Acheson is the head of the Department of State, as Secretary of State, and that the American Consul General and the Foreign Service at Hong Kong are under his direction and control and responsible solely to him.

That the plaintiff is the blood son of Yep Key Kwong who came from China to the United States through the port of San Francisco, on October 26, 1921, and there was issued to him a Certificate of Identity, No. 36989. That he came as a passenger on the S.S. Hawkeye State, since which time he has made two visits to China, one in 1928, returning in June, 1930. That he was married to Gin Shee on January 25, 1929, at Tung On Village, Toy Shan District, Ewangtung Province, China; that plaintiff was born to the said Yep Key Kwong and Gin Shee on January 11, 1930, at said Tung On Village in China.

That Yep Key Kwong is a permanent resident of the city of Wichita Falls, Texas, and that Gin Shee, plaintiff's mother, is an alien, residing in China.

That Yep Key Kwong prepared and executed an affidavit about 1948, to the fact that the plaintiff is a lawful, blood son and an American citizen, for the purpose of facilitating plaintiff's travel to the United States. That said affidavit was submitted and filed with the American Consulate General at Hong Kong in support of plaintiff's application for the issuance of a transport, or, travel document, to enable the plaintiff to come to the United States to begin his residence therein; that said travel document is required by all transportation companies operating between China, Hong Kong, and the United States as a necessary prerequisite to the granting of transportation to plaintiff. That such document is required by the Act of May 22, 1918, 22 U.S.C.A. §§ 223–226, and the Regulations of the Department of State, 22-GFR58.

That upon the loss of the City of Hong Kong by the national government of China, to the Communist regime of China, the files and records of plaintiff's application have been transferred to the American Consulate General at Hong Kong.

Plaintiff has been advised by the Hong Kong Consulate that his application for such transport is disapproved, and that a travel document will not be issued to him.

That the refusal by said Consul is arbitrary and unreasonable, and that plaintiff has exhausted all administrative remedies, wherefore he prays for a decree enjoining the defendant to issue to the plaintiff a Certificate of Identity to enable the plaintiff to obtain transportation to the United States, and to appear in person to prosecute this action, and declaring the plaintiff is now and has been since birth a citizen and national of the United States.

A Motion to Dismiss is made by the United States Attorney because there has been no service upon the United States as provided in Rule 4(d), and also 5, of the Federal Rules of Civil Procedure, 28 U.S.C., by delivering a copy of the summons and complaint to the United States Attorney for this district, or, his assistants, or, designated clerical employee, and there has not

been a copy of the summons of the complaint sent by registered mail to the Attorney General of the United States, at Washington, D. C.

■ The action brought by the plaintiff is permissible under Sec. 903 of the Nationality Act, page 815, United States, Titles 8 and 9, if a person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or Agency, or executive official thereof, upon the ground that he is not a national of the United States, and such person may institute an action against the head of such Department in the District Court of the United States, in which such person claims permanent residence, for a declaratory judgment.

Cases under this Act will be found in Ryckman v. Acheson, D.C., 106 F.Supp. 739; Gualco v. Acheson, D.C., 106 F.Supp. 760.

■ No definite finding can be made as to the facts of birth and nationality until proper action is brought with notice and service upon the officials of the United States as provided in the Federal Rules of Civil Procedure. Such service not having been had, this cause is dismissed without prejudice.